The Honorable Matt O'Neill Representative, District 66 State Capitol Building, Room 415B Jefferson City, Missouri 65101
Dear Representative O'Neill:
This opinion is in response to your inquiry as to whether or not a county recorder of deeds should charge the "user fee" on marriage licenses.
The authority for a county recorder of deeds to assess a user fee is Section 59.319, RSMo Supp. 1990, which provides in part:
 1. A user fee of four dollars shall be charged and collected by every recorder in this state, over and above any other fees required by law, as a condition precedent to the recording of any instrument. . . .
Section 59.319, RSMo Supp. 1990, was amended in 1989 by Conference Committee Substitute for Senate Committee Substitute for House Bill No. 786, 85th General Assembly, First Regular Session. These legislative changes were addressed in Attorney General Opinion No. 50-90, a copy of which is enclosed. House Bill No. 786 deleted the language "conveying real property or any interest therein" after the word "instrument" so that the user fee is now charged on "the recording of any instrument." In Opinion No. 50-90 this office considered the meaning of the word "instrument" and stated therein on page 2:
 The word "instrument" is not defined in Section 59.319; thus, one is to consider the word "instrument" in its plain and ordinary meaning. An instrument is "[a] written document; a formal or legal document in writing, such as a contract, deed, will, bond or lease." Black's Law Dictionary 719 (5th Ed. 1979).
The first issue for consideration is whether a marriage license constitutes an "instrument." Section 451.080, RSMo 1986, relating to the form of the marriage license, provides:
 451.080. Recorder to issue license — form of. — 1. The recorders of the several counties of this state, and the recorder of the city of St. Louis, shall, when applied to by any person legally entitled to a marriage license, issue the same which may be in the following form:
 State of Missouri ) ) ss. )
County of _______ )
 This license authorizes any judge, associate circuit judge, licensed or ordained preacher of the gospel, or other person authorized under the laws of this state, to solemnize marriage between A B of ______, county of ______ and state of ______, who is ______ the age of eighteen years, and C D of ______, in the county of ______, state of ______, who is ______ the age of eighteen years.
 2. If the man is under eighteen or the woman under eighteen, add the following:
 The father or mother or guardian, as the case may be, of the said A B or C D (A B or C D, as the case may require), has given his or her assent to the said marriage.
 Witness my hand as recorder, with the seal of office hereto affixed, at my office, in ______, the ______ day of ______, 19__, recorder.
 3. On which said license the person solemnizing the marriage shall, within ninety days after the issuing thereof, make as near as may be the following return, and return such license to the officer issuing the same:
 State of Missouri ) ) ss. )
County of _______ )
 This is to certify that the undersigned ______ did at ______, in said county, on the ______ day of ______ A.D. 19__, unite in marriage the above-named persons.
Based on the plain and ordinary meaning of the word "instrument" as discussed above and in Opinion No. 50-90, we conclude that the phrase "any instrument" in Section 59.319 does include a marriage license.
The next issue for consideration is whether a marriage license is "recorded." Section 451.150, RSMo Supp. 1990, provides:
 451.150. Licenses to be recorded — fee. — The recorder shall record all marriage licenses issued in a well-bound book kept for that purpose, with the return thereon, for which he shall receive a fee of ten dollars to be paid for by the person obtaining the same. [Emphasis added.]
Based on Section 451.150, a marriage license is recorded.
In summary, a marriage license is an "instrument" as the term is used in Section 59.319. Pursuant to Section 451.150, such marriage license is recorded. Therefore, we conclude that a county recorder of deeds should charge the "user fee" provided in Section 59.319 on the recording of marriage licenses.
CONCLUSION
It is the opinion of this office that a county recorder of deeds should charge the four dollar ($4.00) user fee provided in Section 59.319, RSMo Supp. 1990, on the recording of a marriage license.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosure: Opinion No. 50-90